IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| NAPOLEON GRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 5:13-CV-329 (MTT) |
| | ) |
| EILEEN CUTI, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on pro se Plaintiff Napoleon Gray's motion to proceed in forma pauperis (Doc. 2) and his "Emergency Motion" (Doc. 3). The documents attached to the Plaintiff's application show he receives monthly Social Security benefits and had a bank account balance of $0.00 as of the end of July 2013, with an average balance of -$58.31 for the month.

Pursuant to 28 U.S.C. § 1915(a), a district court must determine whether the statements contained in a financial affidavit satisfy the requirement of poverty. *Martinez v. Kristi Cleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). "[A]n affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id*. Based on the documents attached to the Plaintiff's application, it is apparent he is unable to pay court fees and costs because of his poverty. Therefore, the Plaintiff's motion to proceed in forma pauperis is **GRANTED**.

Because the Plaintiff is proceeding in forma pauperis, the Court is required to dismiss the case if it (1) is frivolous or malicious, (2) fails to state a claim on which relief

may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  The complaint is a stream-of-consciousness of different events that, as far as the Court can tell, bear little relation to one another.  The Plaintiff appears to seek this Court's intervention to prevent his eviction for nonpayment of rent at Cross Wind Mobile Home Park, or alternatively, to allow him to purchase a home.  However, the Plaintiff has not alleged a basis for federal jurisdiction, and based on the complaint, there does not appear to be any basis for federal jurisdiction.  Further, the Plaintiff has not made any allegations that could be construed as claims against Eileen Cuti, "John Doe Jason," or Cuti Properties.

Because the complaint fails to state a claim and the Court lacks subject matter jurisdiction, the Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** and his "Emergency Motion" (Doc. 3) is **DENIED** as moot.

**SO ORDERED**, this 17th day of September, 2013.

                                                 S/ Marc T. Treadwell
                                                 MARC T. TREADWELL, JUDGE
                                                 UNITED STATES DISTRICT COURT